Filing # 60750129 E-Filed 08/22/2017 03:55:17 PM

IN THE CIRCUIT COURT OF THE
17th JUDICIAL CIRCUIT IN AND
FOR BROWARD COUNTY, FLORIDA

NASANDRA RUCKER, DEBORAH JAMES,
NA'ZIYAH THOMPSON, and
CARLOS THOMPSON;

                                                CASE NO.:

Plaintiffs,

vs.

RENT-A-CENTER EAST, INC. d/b/a
RENT-A-CENTER,

         Defendant.

_____/

**COMPLAINT**

COMES NOW the Plaintiffs, Nasandra Rucker, Deborah James, Na'Ziyah Thompson, and Carlos Thompson (collectively "the Plaintiffs"), by and through her undersigned attorneys and hereby sues the Defendant, Rent-A-Center East, Inc. d/b/a Rent-A-Center ("Rent-A-Center" or "Defendant"), and alleges as follows:

**NATURE OF THE CASE**

1.      This action arises out of injuries sustained by the Plaintiffs due to the purchase and/or rental of certain furniture from the Defendant's retail store located at 11 S Pompano Pkwy, in the city of Pompano Beach, Broward County, Florida ("store").

2.      The Plaintiff's were severely bitten, in their apartment by insects known as Cimex Lectularius (commonly known as "bed bugs" and hereinafter referred to as "bed bugs") that had been brought into their apartment by the Defendant and infested the Plaintiffs' residence.

1



3.      As a result of said bites, the Plaintiffs suffered and continues to suffer physical and emotional injury.

4.      This action involves willful and wanton conduct by the Defendant in total disregard of the health and safety of the Plaintiffs and other business invitees. The Defendant repeatedly sold and/or rented furniture to unaware and trusting citizens, when the Defendant had knowledge said furniture was infested with bed bugs that feed on human and animal blood.

5.      The physical and emotional injury caused by the Defendant's actions, which was a result of their total disregard for the health and safety of their patrons and their relentless obsession with the bottom line.

<u>**PARTIES**</u>

6.      At all times relevant thereto, the Plaintiffs, Nasandra Rucker, Deborah James, Na'Ziyah Thompson, and Carlos Thompson, were and are residents of Broward County, Florida.

7.      Upon information and belief, at all times relevant hereto, the Defendant, Rent-A-Center, was and is a business engaged in selling and leasing new and used home furnishings in the State of Florida and Broward County.

8.      At all times material hereto, the Defendant, Rent-A-Center, was a foreign corporation doing business in Broward County, Florida, with its principal place of business in the State of Texas.

9.      At all times relevant hereto, the Defendant, directly and/or through its actual or apparent agents, conducted business in the State of Florida and in Broward County.

10.     Upon information and belief, at all times relevant hereto, the Defendant, was and is a business engaged in selling and leasing new and used home furnishings in the State of Florida and Broward County.

2

## FACTS AND ALLEGATIONS COMMON TO ALL COUNTS

11.     The Defendant offers furniture, beds, mattresses, electronics, appliances and computers through lease purchase agreements that allow customers to obtain ownership of the merchandise at the conclusion of an agreed upon rental period or for outright sale.

12.     On or about August 29, 2016, the Defendant owned, maintained, managed, and/or controlled a retail store known as Rent-A-Center located at 11 S Pompano Pkwy, in the city of Pompano Beach, Broward County, Florida.

13.     On or about August 29, 2016, the Plaintiffs entered into a lease purchase agreement with Rent-A-Center for the purchase and/or rental of bedroom furniture from the store in Pompano Beach, Florida.

14.     On or about August 29, 2016, the Defendant, by and through its apparent and actual agents, servants and/or employees, delivered the bedroom furniture to the Plaintiffs' home located in the city of Pompano Beach, Broward County, Florida.

15.     Unbeknownst to the Plaintiffs, the bedroom furniture was infested with bed bugs.

16.     Within the first seven (7) days of the bedroom furniture being delivered, the Plaintiffs'' bodies began to be covered in itchy red bumps.  At the time, the Plaintiffs did not realize they were being bitten by bed bugs harbored in the infested bedroom furniture.

17.     Several weeks after the delivery of the bedroom furniture set, the Plaintiffs suspected that their itchy red bumps had something to do with the bedroom furniture.

18.     On or about the beginning of October 2016, the Plaintiffs called Rent-A-Center to report her suspicions and injuries.

19.     Despite the Plaintiffs' complaint of the bed bugs, Rent-A-Center did not come out to inspect the property, nor did they pay for a company to provide fumigation services.

3

20.     Additionally, Rent-A-Center did not provide for a refund for the furniture that was purchased from the store.

21.     It has long been known by entomologists and pest control companies who provide bed bug extermination services that bed bugs breed rapidly.  Left untreated, the bed bug populations can double every seven to thirteen days.

22.     Over the next several weeks, the Plaintiffs received many itchy red bumps all over her body.

23.     As a result, the Plaintiffs were forced to hire Excel Termite & Pest Control to exterminate the bed bugs in their home that resulted from Rent-A-Center's furniture.

24.     Prior to bringing home the bedroom furniture set from the store, the Plaintiffs never had bed bugs in their residence and had not traveled to any locations of known bed bug infestations.

25.     As a result of the bed bug-infested bedroom furniture set sold by the Defendant, the Plaintiffs lost personal property and were forced to dispose of personal property that had become infested with bed bugs or contaminated with bed bug eggs.

26.     In addition, the bed bug infestation caused the Plaintiffs to suffer bodily injury in the form of numerous bites and itchy, red and bumpy rashes over her body. The Plaintiffs underwent medical treatments for the bites and rash.

27.     As a further result of the bed bug infestation, the Plaintiffs have suffered emotional distress and mental anguish. The Plaintiffs have difficulty sleeping due to fear of being bitten by bed bugs.

4

28.     Moreover, the Plaintiffs continue to be plagued by mental anguish and anxiety over the presence of bed bugs that manifests itself in jumpiness at the slightest itch or unexpected touch on their skin that might be a bug.

29.     At all relevant times, the Defendant knew of the resurgence of bed bug infestations across the nation, generally, and in Florida, specifically.  For years, the Defendant has been aware of the ever increasing risk of transmitting bed bugs on merchandise, especially used bedroom furniture previously present in homes infested with bed bugs, or if that merchandise was stored or transported in areas where bed bugs are present.

30.     The Defendant, at all relevant times, was aware of the manner in which bed bugs could be transported, the fact that wooden bedroom furniture is a favorite breeding and hiding place for bed bugs, and knew of the difficulty in eradicating a bed bug infestation once introduced into a customer's home.

31.     In addition, the Defendant knew that bedroom furniture they stored, leased, sold, transported and delivered could be or would become infested with bed bugs and that their customers were not aware of this fact or likely to discover any such infestation right away.

32.     The Defendant also knew that used bedroom furniture removed from the homes of their customers could be infested with bed bugs and therefore could contaminate the next homes in which they were placed.  Despite such knowledge, the Defendant failed to fumigate or heat treat such items to eliminate bed bug infestations prior to selling or renting such items to its unsuspecting customers, including the Plaintiffs.

33.     The Defendant is believed to have over 1,400 stores nationwide, and its business practices are contributing to the spread and resurgence of bed bugs throughout the nation.

34.     Prior to selling and/or renting the Plaintiffs the bed bug infested bedroom furniture, the Defendant, through its actual or apparent agents, servants and/or employees, knew or should have known that there was an active bed bug infestation in and around their retail store or supply chain.  Given the magnitude of the attack, the bed bug infested bedroom furniture was long-term and entrenched.

35.     Prior to selling and/or renting the Plaintiffs the bedroom furniture, the Defendant had received prior complaints of bed bugs.

36.     Prior to selling and/or renting the Plaintiffs the bedroom furniture set, the Defendant had previously detected bed bugs at the store.

37.     Within four months prior to selling and/or renting the Plaintiffs the bedroom furniture set, the Defendant had previously treated for bed bug infestations in the store.

38.     Prior to the Plaintiffs' purchase of the bedroom furniture, the Defendant had received prior notice of customers receiving bites from their furniture.

39.     Upon information and belief, despite this knowledge, prior to selling and/or renting the Plaintiffs the bedroom furniture set, the Defendant, through its actual or apparent agents, servants and/or employees, made no efforts to determine or confirm the bedroom furniture was free of bed bugs or signs of bed bug infestation.

40.     The Defendant either had actual knowledge of the bed bug infestation in its store or was willfully ignorant of the infestation.

41.     Upon information and belief, prior to selling and/or renting the Plaintiffs the bedroom furniture, the Defendant did not utilize regular procedures designed to guard against the presence, spread and transport of bed bugs.

6

42.     The Defendant has long been aware that bed bugs present a significant public health hazard. The Defendant has known for years that medical conditions associated with bed bugs include multiple intensely itchy bites and inflammation, secondary skin infection, risk of anaphylaxis, stress, anxiety and sleeplessness. Furthermore, scientific literature has highlighted a viable mechanism by which bed bugs can transmit disease such as Chagas, hepatitis B, methicillin-resistant staphylococcus aureus (MRSA) and other blood borne pathogens.

43.     Once a retail store has one or more rooms and/ or products infested with bed bugs, those bugs are known to hide within and travel through the walls and ceilings to adjoining items. Their population can increase exponentially in a short period of time if the issue is overlooked or ignored.

44.     Bed bugs can be transferred among people, creating great social, emotional and financial stress on sufferers. Bed bug bites can create considerable anxiety and are a clear hazard to mental health. People who are repeatedly bitten may develop nervous behavior, agitation, sleeplessness, chronic fatigue and paranoia.

45.     As a result of the Defendant's failure to identify and eradicate the bed bug infestation in the store and of the bedroom furniture prior to the Plaintiffs' purchase of the bedroom furniture, the Plaintiffs, suffered numerous intensely itchy bites resulting in large, painful welts that required medical treatment and medication, multiple dark splotches, scarring, loss of sleep, anxiety and mental distress, loss of personal property and economic loss.

## COUNT I – NEGLIGENCE

The Plaintiffs incorporates by reference paragraphs one through forty-five as if fully set forth herein.

7

46.     The Defendant, by and through its apparent and actual agents, servants and/or employees, was negligent in the management, maintenance, operation and/or ownership of its business.

47.     The Defendant owed a duty to their customers, including the Plaintiffs, to use reasonable care in the receipt, inspection, storage, transport, assembly and installation of the products they offered for lease or sale, including but not limited to the bedroom furniture sold to the Plaintiffs.

48.     The Defendant negligently breached this duty by selling and/or renting the Plaintiffs bedroom furniture that had a pre-existing bed bug infestation.

49.     Specifically, the Defendant was negligent in manners including, but not limited to, the following:

   a.      failing to inspect and proactively treat the bedroom furniture it sold to assure that the items were not infested with bed bugs;

   b.      failing to assure that the location(s) where the Defendant stored bedroom furniture and other merchandise sold and leased to their customers prior to delivery were free of bed bug infestation and to maintain that location free of infestation;

   c.      failing to warn the Plaintiffs that the bedroom furniture they had purchased could be infested or had come into contact with bed bugs;

   d.      failing to inspect and promptly remove the infested bedroom furniture;

   e.      failing to arrange for prompt, effective and competent professional extermination services to eliminate bed bugs from the Plaintiffs' home; and

8

f.      employing a business model that the Defendant knew or should have known created and or increased the risks that the bedroom furniture they sold was infested with bed bugs.

g.      failing to train critical staff (management personnel, housekeeping, maintenance workers, and custodial staff) on how to identify the signs of bed bug infestation, how to prevent the transport and spread of bed bug infestations, and the steps that must be taken immediately upon report or suspicion of such an infestation;

h.      failing to have in place, prior to the Plaintiffs' purchase of the bedroom furniture, a reasonable and appropriate bed bug inspection protocol for the store, its merchandise and its common areas and facilities;

i.      failing to assure strict compliance by all relevant staff with any bed bug inspection protocol in place at the store or in the Defendant's supply chain.

j.      failing to have in place, prior to the Plaintiffs' purchase of the bedroom furniture, a reasonable and appropriate bed bug treatment protocol for the store, its merchandise, supply chain and its common areas and facilities;

k.      failing to assure strict compliance by all relevant staff and/or contractors with any bed bug treatment protocol in place at the Defendant's store;

l.      failing to have in place a reasonable and appropriate integrated program designed to prevent the presence and spread of bed bug infestations within the Defendant's store;

m.      otherwise failing to act in accordance with the requirements of the common law and State and County codes; and

n.      otherwise failing to exercise ordinary and reasonable care

9

50.     As a direct and proximate result of the negligent conduct of the Defendant, Plaintiff, the Plaintiffs suffered numerous painful and intensely itchy bed bug bites, bodily injury, resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of medical and/or nursing care and treatment, property damage and other consequential damages. The Plaintiffs' losses are either permanent or continuing, and the Plaintiffs will continue to suffer the losses in the future.

**WHEREFORE**, the Plaintiff, Nasandra Rucker, Deborah James, Na'Ziyah Thompson, and Carlos Thompson, demands judgment against the Defendant, Rent-A-Center East, Inc. d/b/a Rent-A-Center, for damages, costs and interest, attorney fees and any other relief this Court may deem appropriate. The Plaintiffs further demand trial by jury as to all issues so triable as a matter of right.

## COUNT II – BREACH OF WARRANTY

Plaintiff incorporates by reference paragraphs one through forty-five as if fully set forth herein.

51.     The Defendant is in the business of selling, leasing and delivering new and used home furnishings to the general public.

52.     The Defendant expressly and impliedly warranted that the bedroom furniture sold by them to the Plaintiffs was of good quality, merchantable and fit for their ordinary and intended use.

53.     The Defendant breached these warranties by selling the Plaintiffs a bedroom furniture set that had an existing infestation of bed bugs, a defect not known to and not likely to be discovered by the Plaintiffs.  A bed bug-infested bedroom furniture set is not fit for its

10

ordinary purpose, as any person sleeping in such a bed will be bitten and such infestation can contaminate a customer's entire home and virtually all furnishings within.

54.     The Plaintiffs gave the Defendant notice of the breach of these warranties within a reasonable time after discovery of the infestation.

55.     As a direct and proximate result of the Defendant's breach of warranties, the Plaintiffs have suffered numerous painful and intensely itchy bed bug bites, bodily injury, resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of medical and/or nursing care and treatment, property damage and other consequential damages.  The Plaintiffs losses are either permanent or continuing, and the Plaintiffs will continue to suffer the losses in the future.

WHEREFORE, the Plaintiffs, Nasandra Rucker, Deborah James, Na'Ziyah Thompson, and Carlos Thompson, demands judgment against the Defendant, Rent-A-Center East, Inc. d/b/a Rent-A-Center, for damages, costs and interest, attorney fees and any other relief this Court may deem appropriate. The Plaintiffs further demands trial by jury as to all issues so triable as a matter of right.

## COUNT III -- DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

Plaintiff incorporates by reference paragraphs one through forty-five as if fully set forth herein.

56.     The Defendant violated the Florida Deceptive and Unfair Trade Practices Act ("Act") section 501.204.

57.     The Defendant made express representations that they were selling merchantable bedroom furniture to the Plaintiffs, and impliedly represented that the bedroom furniture purchased and delivered by the Defendant was suitable and safe for nightly sleeping in her home.

11

58.     The bedroom furniture set sold by the Defendant to the Plaintiffs was not merchantable or in a safe condition suitable for nightly sleeping, as the bedroom furniture was infested with bed bugs when the Plaintiffs took possession. The bed bugs almost immediately began biting the Plaintiffs, after migrating throughout the Plaintiffs' home.

59.     Further, at the time the bedroom furniture was sold and/or rented and the Plaintiffs took possession, The Defendant and/or its agents, servants and/or employees knew that the business model it employed created and or increased the risks that the bedroom furniture it sold was infested with bed bugs.  The Defendant knew or should have known the bedroom furniture set was contaminated with bed bugs.  However, The Defendant did not advise the Plaintiffs of this fact when they and/or their agents, servants or employees sold the items to the Plaintiffs.

60.     These actions and concealments by the Defendant violated the Consumer Protection Act.

61.     The Defendant has committed unconscionable acts and unfair or deceptive acts in the conduct of "trade of commerce" by committing the following acts:

    a.  Misleading the Plaintiffs into believing the bedroom furniture was in a safe and habitable condition;

    b.  Advertising the bedroom furniture was maintained at all times free of bed bugs;

    c.  Providing furniture that was not sanitary or safe for human habitation;

    d.  Failing to provide notice or warning to the Plaintiffs of any prior bed bug occurrences;

    e.  By selling for a profit a bedroom furniture set which caused injury and loss of income to the Plaintiffs; and

    f.   Providing merchandise without conducting industry standard inspections to prevent bed bug infestations.

62.    The Defendant failed to disclose the existence of a bed bug infestation.

63.    The Plaintiffs relied on the Defendant's representation and omissions of material fact regarding the alleged safe condition of the bedroom furniture. If the Plaintiffs had been told of the bed bug infestation they would never had agreed to purchase and/or rent the bedroom furniture.

64.    Sections 501.211 and 501.2105 of the Act provide a cause of action for damages for violations of the Act.

65.    As a direct and proximate result of the Defendant's violations of Florida's Deceptive and Unfair Trade Practices Act section 501.204, the Plaintiffs suffered bodily injury in the form of numerous painful and itchy bed bug bites, disfiguring scars, emotional distress and anxiety, property damage, and other consequential economic damages.

66.    Section 501.2105 of the Act also provides that the Court may award reasonable attorneys' fees to any person who receives an award of damages under the Act.

**WHEREFORE**, the Plaintiffs, Nasandra Rucker, Deborah James, Na'Ziyah Thompson, and Carlos Thompson, seek a declaratory judgment that the Defendant's, Rent-A-Center East, Inc. d/b/a Rent-A-Center, acts violated Florida's Deceptive and Unfair Trade Practices Act section 501.204 and to enjoin the Defendant from selling merchandise which are not safe for human habitation. The Plaintiffs seeks actual damages, plus attorney's fees and court costs as provided in Section 501.211.

### COUNT IV – FRAUDULENT CONCEALMENT

13

The Plaintiffs incorporate by reference paragraphs one through forty-five as if fully set forth herein.

67.     In order to induce the Plaintiffs to purchase the bedroom furniture, the Defendant deliberately concealed the material fact that the bedroom furniture was severely infested with bed bugs.

68.     The Defendant was silent as to the infestation in the face of its duty to warn the Plaintiffs and its duty to protect a business invitee such as the Plaintiffs from injury.

69.     At the time the Defendant made the concealment and misrepresentation regarding the bed bug infested bedroom furniture, the Defendant was aware the bedroom furniture was not in a habitable condition due to the bed bug infestation.

70.     The Defendant acted with the knowledge that its concealment and misrepresentation of information regarding the known bed bug infestation from the Plaintiffs was wrongful. The Defendant intended to deceive the Plaintiffs into purchasing the bedroom furniture that they otherwise never would have agreed to, had the relevant and material facts of the bed bug infestation been disclosed to them.

71.     The Defendant intended that the Plaintiffs would rely upon their concealment and misrepresentation and purchase the bedroom furniture.

72.     As a result of the Defendant's concealment and misrepresentation of the information regarding the known bed bug infested bedroom furniture, the Plaintiffs reasonably relied on the Defendant's concealments and misrepresentations, and agreed to purchase the bedroom furniture.

73.    Had the Defendant not misrepresented and concealed the infested condition of the bedroom furniture, and withheld the additional material facts listed above, the Plaintiffs would not have agreed to purchase the bedroom furniture.

74.    The Defendant knew that the bed bug infested bedroom furniture would cause significant bodily harm and emotional distress to the Plaintiffs, and acted with a conscious and deliberate disregard of the risk of harm that the infestation posed to the health and safety of the Plaintiffs.

75.    The fraud committed by the Defendant was gross, oppressive, and aggravated.

76.    As a direct and proximate result of the Defendant's concealment of material facts and silence in the fact of its duty to disclose the information, the Plaintiffs suffered bed bug bites resulting in numerous painful and uncomfortable lesions, loss of sleep, anxiety and mental distress, emotional distress, disfiguring scars, loss of personal property and economic loss.

**WHEREFORE**, the Plaintiff, Nasandra Rucker, Deborah James, Na'Ziyah Thompson, and Carlos Thompso, demands judgment against the Defendant, Rent-A-Center East, Inc. d/b/a Rent-A-Center, for damages, punitive damages, costs and interest, attorney fees and any other relief this Court may deem appropriate. The Plaintiffs further demand trial by jury as to all issues so triable as a matter of right.

DATED:  August 22, 2017

Respectfully Submitted,

Law Offices of Saban & Solomon
Attorneys for Plaintiff

15

150 N. University Drive #200
Plantation, FL 33324
(954) 577-2878
(954) 577-2215 /facsimile

/s/ Richard N. Conforti

ARIEL M. SABAN
Florida Bar No.: 26944
saban@sslegalfirm.com
RICHARD N. CONFORTI
Florida Bar No.: 0104730
conforti@sslegalfirm.com

16